UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROYAL CREST DAIRY, INC.,

    Plaintiff,

v.                                                      Case No.:  2:20-cv-220-FtM-38NPM

CONTINENTAL WESTERN
INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Continental Western Insurance Company's Motion to Transfer to the United States District Court for the District of Colorado (Doc. 5), Non-Party George W. Keys' Response (Doc. 18), and Continental's Reply (Doc. 25).

Royal Crest sued Continental in Colorado over an insurance dispute.  The policy includes an appraisal provision as a means of alternative dispute resolution.  When the parties could not agree on the value of damage caused by a hailstorm, Royal Crest invoked the appraisal provision and selected Keys as its appraiser.  Continental argued that Keys did not meet the appraisal provision's "competent, independent" standard.  Royal Crest asked the Colorado court for a judgment declaring Keys qualified to be its appraiser.  The scope of the case expanded via amended pleadings and counterclaims—some of which had to do with Keys' conduct during appraisal—so litigation continued even

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

after the court found Keys qualified. Keys later agreed to withdraw as Royal Crest's appraiser.

Continental's counsel subpoenaed Keys for a deposition to be held in Naples, Florida, where Keys lives. During the deposition, Continental's attorney asked questions about other cases in which Keys was deemed unqualified. Keys' counsel objected on relevancy grounds. When Continental's counsel persisted, Keys believed the questions were meant to harass him, and he terminated the deposition. Keys then filed in this Court a Motion to Terminate or Limit the Scope of Deposition and for Protective Order (Doc. 1) under Federal Rule of Civil Procedure 45(d). Continental responded and moved to transfer the motion to Colorado District Court, where the underlying case is being litigated.

Federal Rule of Civil Procedure 45(f) allows a Court to transfer a Rule 45(d) motion "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Rule 45(d)'s advisory committee notes provide guidance on when transfer is appropriate:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Other district courts have transferred Rule 45 motions when a motion hinged on the scope and meaning of the issuing court's prior orders, *Green v. Cosby*, 216 F. Supp. 3d 560 (E.D. Pa. 2016), when resolution of a motion could impact similar suits in the issuing district, *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38 (D.D.C. 2014), and when the dispute

is over the relevancy of the information sought, *Flynn v. FCA US LLC*, 216 F. Supp. 3d 44 (D.D.C. 2016).

The Court finds exceptional circumstances warranting transfer.  The crux of Keys' motion is the relevancy of the information sought at his deposition.  The issuing court is better positioned to make decisions on relevancy, particularly since the parties have been litigating the case there for more than three years.  Transferring the motion will also help avoid inconsistent rulings, as it appears likely the parties will dispute the relevancy of Keys' prior appraisals in dispositive motions and/or at trial.  And disposition of Keys' motion could impact other Colorado cases.  Keys' describes the underlying case as "one in a series of Colorado state and federal cases in which property insurers have attempted, with varying degrees of success, to disqualify property insurance appraisers who have historically represented policyholders on a contingency fee basis[.]"  (Doc. 1).  A local ruling—more so than a foreign ruling—on the relevancy of a challenged appraiser's prior work could provide valuable guidance to litigants in those cases.  Finally, Keys does not argue a transfer of the motion to Colorado would burden him.  Indeed, Rule 45(f) allows his local attorney to represent him in Colorado, and the advisory committee notes encourage courts to permit telephonic appearances in these cases.

Accordingly, it is now

**ORDERED:**

Defendant Continental Western Insurance Company's Motion to Transfer to the United States District Court for the District of Colorado (Doc. 5) is **GRANTED**.

(1) The Clerk is **DIRECTED** to transfer Keys' motion (Doc. 1) to the United States District Court of Colorado for consideration in pending case *Royal Crest Dairy, Inc. v. Continental Western Insurance Company*, 1:17-cv-949-RM-KLM.

(2) Upon transfer, the Clerk is **DIRECTED** to terminate all deadlines, transfer any pending motions, and close the Fort Myers file.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of May, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record